**In re RINGO DRILLING
I, L.P., Relator.**

**No. 05–12–00619–CV.**

Court of Appeals of Texas,
Dallas.

June 13, 2012.

Matthew D. Stayton, Chris S. Greer, William N. Warren, Mary H. Smith, Kelly Hart & Hallman LLP, for Relator.

Michael P. Lynn, Esq., Richard A. Smith, Britta Erin Stanton, Lynn Tillotson Pinker & Cox, LLP, Dallas, TX, Paul Brian Lackey, Michael P. Aigen, Kristen A. Miller Reinsch, Lackey Hershman, L.L.P., Dallas, TX, for Real Party in Interest.

Before Justices O'NEILL, FRANCIS, and MURPHY.

## OPINION

Opinion by Justice FRANCIS.

■ Relator filed this mandamus proceeding after the trial court signed an order requiring it to turn over certain drilling rigs. We conclude the trial court abused its discretion in ordering the delivery of the rigs to real party in interest Victory Drilling, Inc. and relator has no adequate remedy by appeal. We therefore conditionally grant the writ of mandamus.

Relator leased four drilling rigs from Victory in 2010 and still has possession of those rigs. After a dispute arose between the parties about relator's right to purchase the rigs and certain repairs relator claims to have made to them, relator filed suit against real parties in interest, asserting possessory liens against the rigs. Victory filed various counterclaims, including conversion and asking for injunctive relief. In February 2012, Victory moved for partial summary judgment on relator's claim of a possessory lien. The trial court granted the motion and ordered the return of the rigs to Victory.

■ In order to obtain mandamus relief, relator must show both that the trial court has abused its discretion and that it has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). In this case, the trial court did not finally adjudicate all the claims of the parties, it did not sever the claims addressed by the partial summary judgment, and it did not conduct any prejudgment hearings allowed by law for interim disposition of disputed property. Nonetheless, it ordered relator to return the rigs. It was an abuse of discretion to order their return prior to a final disposition or proper prejudgment proceeding,

and relator has no right to appeal the interlocutory order.

Accordingly, we conditionally grant the relators' petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate the portion of its April 17, 2012 "Order Granting Defendant Victory Drilling, Inc.'s Motion for Partial Summary Judgment" that relates to the delivery of the rigs by relator.